UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiffs,

v.

                                            Case No. 11-20017-4

RYAN ANDREW ZUNDEL,                    Honorable Julian Abele Cook, Jr.

        Defendant.

## ORDER

On February 7, 2012, the Defendant, Ryan Andrew Zundel, pled guilty to two counts of conspiracy to commit wire fraud, 18 U.S.C. § 371, pursuant to a Rule 11 plea agreement with the Federal Government. One year later, Zundel was (1) sentenced to serve a term of imprisonment of 120 months, and (2) directed to pay restitution to his victims in the sum of $34,548,879. Zundel's motion for a hearing that would, if granted, address the issues relating to the court-imposed restitution is now pending before the Court.

I.

Prior to the entry of his guilty plea, Zundel had been actively involved in an extensive mortgage conspiracy that adversely affected hundreds of persons and their properties throughout the metropolitan area of Detroit, Michigan. When the Rule 11 plea agreement was signed by the parties, the Government had determined the amount of monies owed by Zundel to his victims to be in the amount of, as stated above, $34,548,879. This figure was calculated by the Government following its examination and review of loan documents that had originated with Zundel's company, Bretlin Home Mortgage, or with other employees whom he had recruited or supervised. Though he

signed the plea agreement, Zundel maintained that he should (1) be held responsible only for approximately $17 million, and (2) be given an opportunity to object to the Government's loss amount figure at the time of the sentencing.

Although Zundel's sentencing hearing was originally scheduled for July 17, 2012, his counsel filed a pleading on July 6th wherein he sought authority from the Court to withdraw his legal and ethical obligation responsibilities to serve as the defense attorney in this case because of a substantial deterioration in their attorney-client relationship. Leave was granted, new counsel was appointed, and the sentencing hearing was adjourned until September 6th. The hearing was later rescheduled to November 15, 2012 and then a third time for January 10, 2013.

In January 2013, Zundel sought an opportunity to review the Government's files, believing that some of the claimed relevant loans were duplicates. In response, the Government proffered a spreadsheet that had been developed by a federal agent which listed every loan involved in the case, the amount, and the lender. The Government believed that this spreadsheet would assist Zundel in determining which, if any, of the loans were duplicates. On January 8, 2013, Zundel filed an emergency motion to adjourn the sentencing in order to review the relevant loan files. This motion was granted and sentencing was adjourned for a fourth time until February 12, 2013, along with an admonition from the Court that no further continuances would be permitted.

Due to difficulties in coordinating schedules with the lead federal agent, Zundel was unable to review eleven of the files prior to the sentencing. On February 11, 2013, Zundel filed another emergency motion to adjourn the sentencing date which, if granted, would enable him to complete his review of the data. This motion was denied and the sentencing was held as scheduled.

On February 15, 2013, Zundel filed a motion for a restitution hearing. While this motion was

pending, a judgment was entered against him which included a restitution figure of $34,548,879. He immediately filed a notice of appeal of the judgment with the Sixth Circuit. On April 11, 2013, a hearing was held by this Court in connection with Zundel's motion for a restitution hearing.

II.

The authority of this Court to act on Zundel's motion is limited by his appeal of the judgment, including the amount of restitution, to the Sixth Circuit. The parties mutually agree that Zundel's notice of appeal divested this Court of jurisdiction over the issue of restitution. *Cf., e.g.*, *United States v. McDougal*, 368 F. App'x 648, 651 (6th Cir. 2010). Federal Rule of Criminal Procedure 37 provides the Court with three options to follow when faced with a motion after it has been divested of jurisdiction; to wit, (1) defer consideration of the motion, (2) deny the motion, or (3) advise the parties that it would grant the motion if remanded by the court of appeals. In order to determine the proper disposition in this case, the Court must consider the merits of Zundel's request.

III.

Zundel contends that the Court erred by ordering restitution in the sum of $34,548,879 at the time of sentencing and, as a result, he seeks to have a hearing in order to determine the proper amount due and owing. Specifically, he submits that the restitution order was in error because (1) the presentence report does not list the losses that are subject to restitution for each victim as required by 18 U.S.C. § 3664(a), and (2) the Government did not provide the probation officer with a list of the amounts that are subject to restitution within the statutory 60-day deadline pursuant to 18 U.S.C. § 3664(d)(1).

The Court agrees that the statutory procedures, as outlined in 18 U.S.C. § 3664, were not fully satisfied. Subsection 3664(a) requires a court to direct the probation officer to provide it with

3

sufficient information upon which to fashion a restitution order. The relevant information must include "to the extent practicable, a complete accounting of the losses to each victim." 18 U.S.C. § 3664(a). In addition, the statute "requires the Probation Office to obtain a list of the victims and the amounts subject to restitution from the Government, and then to seek confirmation of these amounts." *United States v. Williams*, 612 F.3d 500, 510 (6th Cir. 2010). These disclosures must be made by the Government "upon the request of the probation officer, but not later than 60 days prior to the date initially set for sentencing." 18 U.S.C. § 3664(d)(1).

Here, the presentence report notes that the probation officer was unable to obtain victim statements because the requisite contact information had not been received at the time when the report was created. Furthermore, the record in this case reveals that, although the Government provided the probation officer with a figure which purportedly represented a total amount of losses that were attributable to Zundel's conspiratorial misdeeds, an accounting of the losses for each victim was not included. According to the Government, these figures were not provided because they had not been requested by the probation officer. A close reading of the statute, however, appears to indicate that even in the absence of such a specific request, the Government must provide an accounting of the restitution amounts to the probation officer. 18 U.S.C. § 3664(d)(1) (restitution amounts must be provided upon request "but not later than 60 days prior to the date initially set for sentencing." *United States v. Solinger*, 464 F. App'x 485, 488 (6th Cir. 2012) ("[A]t least 60 days prior to sentencing, the Government is required to 'promptly provide the probation officer with a listing of the amounts subject to restitution.'" (quoting 18 U.S.C. § 3664(d)(1))). In this case, it appears that a victim-by-victim breakdown was provided to the probation officer after the conclusion of the sentencing hearing.

4

Zundel contends that he was prejudiced by these procedural violations because he never received any information regarding the amounts of restitution which each victim is entitled to receive. (Def. Br. 4). The record appears to indicate otherwise. Contrary to Zundel's contention, he was provided with a listing of the individual loans that comprised the restitution amount on two occasions: (1) in February 2012, at the time of his guilty plea, and (2) in January 2013, in the form of a sortable master spread sheet which listed every loan in the case. (*See* Plea Agreement 4, ECF No. 71 ("The Government further believes that relevant conduct in this case includes all of the fraudulent mortgage loans described in an attached FBI spread sheet dated July 19, 2011. The sum of those loans is $46,037,836 and the Sentencing Guidelines 'loss' amount is $34,548,879."); Mot. Adjourn Sentencing & Withdraw, Ex. 1, ECF No. 83 (contesting loans about which Zundel became aware upon his review of FBI spreadsheet); Sent. Tr. 22:15-23:1 (master spreadsheet provided in January 2013)). Thus, Zundel had notice of the amount of restitution that had been requested since February 2012, as well as the specific loans that comprised that sum. If he needed additional information about those loans in order to lodge objections, he had an extensive period of time to do so, even taking into account the change of his counsel in July 2012. Furthermore, it appears that Zundel's request for additional information was not made to the Government until early January 2013 - only days before his scheduled sentencing hearing in January 10, 2013. (Govt. Resp. Def. Mot. Restitution Hr'g 1, ECF No. 173; Sent. Tr. 23:2, ECF No. 164).

Although the loss information for each individual victim appears to have been given to Zundel, it was neither made available to the probation officer prior to the date of sentencing nor was it made available to the Court prior to the entry of judgment. The Sixth Circuit has held that a district court is prohibited from entering an order for restitution before it has been presented with the

statutorily required victim loss information. *United States v. Owen*, 485 F. App'x 61, 63-64 (6th Cir. 2012). Therefore, if the case is remanded by the Sixth Circuit for any of the reasons that have been outlined above, the Court would grant Zundel's motion in part. His currently pending motion specifically requests a restitution hearing, which is not required by the Mandatory Victims Restitution Act. *United States v. Vandeberg*, 201 F.3d 805, 813 (6th Cir. 2000). Rather, a district court is permitted to select a procedure that will best aid it with an assessment of the amount of loss. *Id.* Here, the parties would be permitted to submit briefs on the issue of restitution, and, if deemed appropriate, a restitution hearing may be scheduled.

IV.

For the reasons that have been set forth above, if the case is remanded by the Sixth Circuit for any of the reasons that have been set forth herein above, the Court would grant Zundel's motion for a restitution hearing in part (ECF No. 163).

IT IS SO ORDERED.

Date: May 15, 2013
s/Julian Abele Cook, Jr.
JULIAN ABELE COOK, JR.
U.S. District Judge

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on May 15, 2013.

s/ Kay Doaks
Case Manager